## IRISH v MAYFIELD HEIGHTS (village)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13206.   Decided Nov 27, 1933

Nicola & Horn, Cleveland, for plaintiff in error.

Geo. M. Roudebush, Cleveland, for defendant in error.

## OPINION

By LIEGHLEY, PJ.

It is urged that the plaintiff is not entitled to recover, for the reason that no certificate of the fiscal officer of the Village accompanied the alleged contract or order to do the work which plaintiff says he did do, as provided for and required by §5625-33 GC. The pertinent part of said section reads as follows:

"No subdivision or taxing unit shall:

(d) Make any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the subdivision that the amount required to meet the same (or in the case of a continuing contract to be performed in whole, or in part, in an ensuing fiscal year, the amount required to meet the same in the fiscal year in which the contract was made,) has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances. * * * The term 'contract' as used in this section shall be construed as exclusive of current payrolls of regular employees and officers."

Such certificate is seemingly indispensable in awarding any and all contracts made by a municipality involving the expenditure of money with the exception that 'current payrolls of regular employees and officers' are excluded therefrom.

The Supreme Court has decided in a case wherein the circumstances and facts were strikingly similar to this case that the engineer was an officer under such contract with the Village. The General Code creates the office of engineer of a municipality and defines his powers and duties. The council selects the officer. **Wright v Clark et, 119 Oh St 462.**

This authority decisively fixes the status of the plaintiff as an officer. His contract by ordinance calls for the performance of personal service and personal responsibility, as do the duties of every other public official.

"Current payrolls of regular employees and officers" are excluded and require no certificate of the fiscal officer.

Plaintiff was an officer of the Village. He was a so-called regular officer in the sense that his employment was continuous. If his compensation could not legally be included on the monthly or semi-monthly payroll when and as earned and due for the reason that his name did not regularly appear thereon, then and in that event employees and officers intermittently employed would likewise be barred therefrom. If failure to certificate in one case is a defense, then it ought to be in the other.

If the ordinance had specified a salary payable monthly or otherwise, his right to be paid through the medium of the regular payroll would and could not be challenged. Instead of a salary, the Village elected to pay for his services as ordered by it on a percentage basis for improvements planned and contemplated and as proposed and planned, and agreed to pay four percent on completed improvements and two percent of the estimated cost of proposed improvements that were abandoned after the engineer had performed the preliminary services ordered by the respective resolutions. Why the percentage plan of payment should require a certificate and the stipulated salary method of compensation not require it does not seem clear.

It seems certain that in the event a certificate is required under the facts of this case, then a municipality cannot legally employ an engineer on a percentage plan of payment, as the certificate at best could only be an estimate of the amount of an unascertained estimate.

Little difficulty would be encountered and the task simple to place his name on the payroll for the amount due when and as earned to be paid from the same fund as if designated a salary. To require the fiscal officer to certificate an amount as two percent of the estimated cost of an improvement that had not been estimated would compel an impossible duty if any degree of accuracy is expected. One resolution ordered the preliminary work on seven or eight proposed improvements. How could this certificate accompany the resolution in advance of the estimates. The successive steps required to be taken by the council as provided for by statute in legislating for a special improvement negatives any claim that a certificate is indispensable. Approval of the plans, profiles, estimates and so forth precedes the legislation

looking to money to pay for the improvement. §§3814 to 3825 GC.

As stated, the case is here on demurrer. The facts alleged are regarded as true for the purpose. If these facts were undisputed and the amount ascertained and conceded, doubtless mandamus would be the appropriate remedy to compel the proper officers of the Village to perform the necessary ministerial acts to comply with the contract of employment, if the plaintiff there shows a clear legal right thereto. However, from what was stated in argument and briefs, the answer will likely not contain admissions of the controlling essential facts so as to make mandamus the preferable remedy.

For the foregoing reasons, it is our opinion that there was error in sustaining the demurrer, and the judgment is therefore reversed with instructions to overrule same, to which ruling the defendant in error excepts.

McGILL, J, concurs in the judgment.

LEVINE, J, dissents.

## DISSENTING OPINION

By LEVINE, J.

I am constrained to dissent from the opinion of the majority of this court, which reversed the judgment of the Common Pleas Court.

In the Common Pleas Court the demurrer to the petition of plaintiff in error was sustained on the ground that a certificate of the fiscal officer was necessary, certifying that there was money in the fund with which to defray the obligations of the contract entered into between the Village and the plaintiff; that since this was not done in this case, as appears from the pleadings, the contract is null and void.

The theory is advanced that the engineer is an officer, citing Wright v Clark, 119 Oh St 462, and therefore comes under the exceptions as to the necessity of a certificate. The exception is contained in §5625-33, GC, which is as follows:

"The term 'contract' as used in this section, shall be construed as exclusive of current payrolls of regular employees and officers."

Was the compensation claimed in the case at bar for current payrolls of such officers? The resolution pertaining to the compensation is set forth in the petition so that the provision relating to the compensation is before us. The ordinance which embraces the contract between the village and plaintiff in error, makes provision for a compensation equivalent to two percent of the estimated cost of special improvements. The other provisions found in the contract are likewise based upon the percentage basis, and apparently made to depend upon various improvements to be undertaken by the village and fixing the compensation of the plaintiff in error upon a percentage basis.

In my opinion, the phrase "current payrolls" as used in §5625-33, GC, means the current payroll ordinance passed by the council at its semi-annual meetings and covers the various employees or officers who draw monthly or weekly salaries.

The purpose of the exception was in order to eliminate the necessity of current employees constantly being placed on inquiry as to the source from which their compensation was coming. A percentage contract of an engineer as to improvements which may or may not come about during the course of the fiscal year, does not, in my opinion, come under the category of current payrolls.

It may be noted that a current payroll of employees and officers referred to in the exception are usually provided for in the annual appropriation ordinances. All other payments must be provided for by supplemental appropriation ordinances, and transfers of the funds.

Sec 5625-32, GC, specifically provides:

"Any appropriation ordinance or other appropriation measure may be amended or supplemented from time to time * * * provided, further, that no appropriation for any purpose shall be reduced below an amount sufficient to cover all unliquidated and outstanding contracts or obligations certified from or against the appropriation for such purpose."

This certificate provision is a necessary safeguard to municipalities against extravagant expenditures of public money and while there is no question of fraud or lack of good faith in this case the fact remains that the law requiring a certificate was not complied with and for that reason it is my opinion that the Common Pleas Court was correct in sustaining the demurrer.